**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Witt W. Chang (SBN 281721)
  wwchang@venable.com
Nicole N. King (SBN 290204)
  nnking@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant
One Technologies, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Cherie Diaz,<br><br>                    Plaintiff,<br><br>       v.<br><br>One Technologies LLC, and DOES 1-50 inclusive.,<br><br>                    Defendants. | CASE NO. 2:21-cv-08571-GW-AGR<br><br>Hon. George H. Wu<br>Courtroom 9D<br><br>**DEFENDANT ONE TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**<br><br>Date:      January 20, 2022<br>Time:     8:30 a.m.<br>Crtrm.:   9D<br><br>Action Filed:      October 1, 2021<br>Removal:           October 29, 2021<br>Trial Date:         None set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 20, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-titled Court, located at 350 West 1st Street, Los Angeles, CA 90012, defendant One Technologies, LLC will and hereby does move to dismiss plaintiff's complaint.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that plaintiff cannot establish that this Court can exercise personal jurisdiction over One Technologies for the same reasons that this Court found personal jurisdiction lacking over One Technologies in *Durward v. One Technologies, LLC* (Case No. 2:19-cv-06371-GW(AGRX)).

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Astra Zittlau, the complete court file, including the records and pleadings on file in this matter, and any other oral or documentary evidence that may be presented to the Court at the time of the hearing.

*Local Rule 7-3 Compliance*. This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3 which occurred on November 16, 2021, during which counsel for the parties discussed the personal jurisdiction issues set forth herein.

Dated:  December 3, 2021                    VENABLE LLP

                                            By:  */s/ Ari N. Rothman*
                                            Ari N. Rothman
                                            Witt W. Chang
                                            Nicole N. King
                                            Attorneys for Defendant
                                            One Technologies, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. FACTS ............................................................................................................ 2

    A. One Technologies Is A Texas Company That Did Not Send The Emails Over Which Plaintiff Sues ....................................................... 2

    B. Plaintiff Does Not Allege One Technologies Sent Her Emails In California ......................................................................................... 3

III. LEGAL STANDARD .................................................................................... 4

IV. ARGUMENT .................................................................................................. 5

    A. No General Jurisdiction Exists Over One Technologies ..................... 5

    B. No Specific Jurisdiction Exists Over One Technologies..................... 6

        1. The Emails Sent By Third Parties Do Not Confer Specific Personal Jurisdiction Over One Technologies ............ 7

        2. Plaintiff Cannot Establish Specific Jurisdiction By One Technologies' Alleged Operation Of Its Website ...................... 9

        3. Plaintiff's Contacts Or Alleged Harm In California Cannot Establish Specific Jurisdiction Over One Technologies .................................................................................. 11

        4. The Supreme Court's Decision In *Ford Motor Company v. Montana Eighth Judicial District Court* Confirms No Specific Jurisdiction Exists Over One Technologies ................ 11

        5. Exercising Jurisdiction Over One Technologies Would Offend Traditional Notions Of Fair Play And Substantial Justice With Respect To One Technologies And Its Witnesses ................................................................................... 13

V. CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asahi Metal Indus. Co., Ltd. v. Superior Court*,
   480 U.S. 102 (1987) ............................................................................................... 13

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
   137 S. Ct. 1773 (2017) ......................................................................................... 4, 6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ................................................................................................. 6

*Cybersell, Inc. v. Cybersell, Inc.*,
   130 F.3d 414 (9th Cir. 1997) ................................................................................. 13

*Daimler AG v. Bauman*,
   134 U.S. 746 (2014) ................................................................................................. 5

*DFSB Kollective Co. v. Bourne*,
   897 F. Supp. 2d 871 (N.D. Cal. 2012) ................................................................... 10

*Durward v. One Techs., LLC*,
   2019 WL 4930229 (C.D. Cal. Oct. 3, 2019) ...................................................*passim*

*Ford Motor Company v. Montana Eighth Judicial District Court*,
   141 S. Ct. 1017 (2021) ........................................................................... 2, 11, 12, 13

*Grossman v. One Techs. LLC*
   (Case No. 2:20-cv-09077-GW-JC) .......................................................................... 2

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
   466 U.S. 408 (1984) ................................................................................................. 5

*Hicks v. One Techs. LLC*
   (Case No. 8:20-cv-01856-DOC-DFM) .................................................................... 2

*Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*,
   486 F. Supp. 3d 1353 (N.D. Cal. 2020) ................................................................... 6

*Kransco Mfg., Inc. v. Markwitz*,
   656 F.2d 1376 (9th Cir. 1981) ................................................................................. 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011)...................................................................... 10

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995).......................................................................... 6

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006)................................................................. 6, 12

*Phillips v. Worldwide Internet Sols.*,
   2006 WL 1709189 (N.D. Cal. June 20, 2006) ............................................ 8

*Powers v. One Techs. LLC*,
   2021 WL 3519282 (W.D.N.C. Aug. 10, 2021).................................. 1, 9, 12

*Reynolds v. Binance Holdings Ltd.*,
   481 F. Supp. 3d 997 (N.D. Cal. 2020) ........................................................ 5

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)..................................................................... 4, 6

*Snowney v. Harrah's Entm't, Inc.*,
   35 Cal. 4th 1054 (2005) ............................................................................. 10

*Thurston v. Fairfield Collectibles of Georgia, LLC*,
   53 Cal. App. 5th 1231 (2020) ................................................................... 10

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ............................................................................... 11

*XMission, L.C. v. Fluent LLC*,
   955 F.3d 833 (10th Cir. 2020) .................................................................... 8

*Zoobuh, Inc. v. Williams*,
   2014 WL 7261786 (D. Utah Dec. 18, 2014) ............................................... 7

**Statutes**

47 U.S.C. § 227............................................................................................. 9

California Business and Professions Code Section 17529.5.................. 3, 7

Telephone Consumer Protection Act........................................................... 9

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2).......................................... 2, 4, 14

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's lawsuit against One Technologies is identical to the one her lawyers pursued against One Technologies that this Court dismissed for lack of personal jurisdiction, *Durward v. One Technologies, LLC* (Case No. 2:19-cv-06371-GW(AGRX)) ("*Durward*"). This Court lacks personal jurisdiction over One Technologies for the same reasons it found personal jurisdiction lacking in *Durward*. The Court should therefore dismiss this lawsuit.

Plaintiff in *Durward* alleged she received, from One Technologies' independent contractors, emails that violated California's anti-spam statute. One Technologies moved to dismiss the complaint for lack of personal jurisdiction. This Court granted the motion. First, the Court found general personal jurisdiction lacking because One Technologies, a Texas company, did not reside, operate, or conduct any business activity in California. Second, the Court found specific personal jurisdiction lacking because One Technologies did not send the emails, did not direct any third-party to do so, and did not control to whom or where the third parties sent the emails. The Court supported its conclusion that no personal jurisdiction existed over One Technologies with a uniform line of authorities dismissing defendants under similar circumstances.

Plaintiff in this case makes the same allegations that the plaintiff in *Durward* made. And, the law and the facts that supported dismissing One Technologies in *Durward* remain, thereby warranting dismissal of this lawsuit too. In fact, since dismissing *Durward*, a federal court in North Carolina adopted the reasoning in *Durward* when dismissing One Technologies for lack of personal jurisdiction based on similar allegations as those made here. *Powers v. One Techs. LLC*, 2021 WL 3519282 (W.D.N.C. Aug. 10, 2021). Likewise, two plaintiffs who filed similar suits against One Technologies in the Central District of California agreed to pursue their claims against One Technologies in Texas after One Technologies

cited *Durward* in its motions to dismiss. *Grossman v. One Techs. LLC* (Case No. 2:20-cv-09077-GW-JC); *Hicks v. One Techs. LLC* (Case No. 8:20-cv-01856-DOC-DFM). And, although the Supreme Court recently held in *Ford Motor Company v. Montana Eighth Judicial District Court* that the "relatedness" test for specific personal jurisdiction does not require "a strict causal relationship between the defendant's in-state activity and the litigation," that ruling did not change the law upon which the Court relied when dismissing One Technologies. In fact, the Supreme Court did not address the dispositive specific jurisdiction element at issue here—whether the defendant purposefully availed itself of the forum—because the defendant in *Ford* conceded that it did so. In contrast, One Technologies shows below, as it did in *Durward*, that it did not purposefully avail itself of the protections of California law. Therefore, this Court should grant One Technologies' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.  FACTS

### A.  One Technologies Is A Texas Company That Did Not Send The Emails Over Which Plaintiff Sues

One Technologies provides to consumers credit monitoring, credit education and analysis tools, and identity theft prevention and mitigation products. Declaration of Astra Zittlau ("Zittlau Decl.") ¶ 2. One Technologies is a Texas limited liability company with its principal place of business located in Dallas, Texas. *Id*. ¶¶ 3, 4. All of One Technologies' members are Texas citizens. *Id*. ¶ 3. One Technologies does not have any executives or employees located in or that do business in California. *Id*. ¶ 5. One Technologies does not own, use, or possess any real estate, offices, property, telephone listings, mailing addresses, bank accounts, or any other assets in California. *Id*. ¶ 6. One Technologies provides all of its services from Dallas. *Id*. ¶ 7. One Technologies is not licensed or regulated by any California government agency. *Id*. ¶ 8.

One Technologies does not send any emails to consumers with whom it does not have an existing or current business relationship. *Id*. ¶ 10.  Instead, independent contractors known as "publishers" or "affiliates" send emails advertising One Technologies' products and services. *Id*.  Plaintiff acknowledges this in her complaint. Compl. ¶ 3 ("OneTech engages numerous third party advertising networks and affiliates (also known as 'publishers') to advertise for OneTech.").

Although One Technologies requires publishers to comply with applicable laws and regulations and follow One Technologies' email compliance policy, publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient. Zittlau Decl. ¶ 11.  Alternatively, publishers arrange for the emails to be sent by others. *Id*.  Either way, One Technologies does not know, and has no control over, where the emails are sent or to whom, other than by prohibiting publishers from sending email advertisements to email addresses associated with recipients who have requested to "opt-out" of receiving emails advertising One Technologies. *Id*. ¶ 12.  Plaintiff acknowledges this lack of control in the complaint. Compl. ¶ 5 (pleading that One Technologies is not entitled to a reduction of statutory damages because it has "no control over the email[s] sent").

One Technologies has no current or former customer named Cherie Diaz, the plaintiff in this case. Zittlau Decl. ¶ 13.  One Technologies did not know about plaintiff, or that she allegedly received emails advertising One Technologies, until after receiving plaintiff's complaint. *Id*.

### B.   Plaintiff Does Not Allege One Technologies Sent Her Emails In California

Plaintiff alleges that she is a California resident (Compl. ¶¶ 7, 9) and complains that she received emails that violate California's anti-spam statute, California Business and Professions Code section 17529.5 ("Section 17529.5") (*id*. ¶ 1).  Plaintiff acknowledges that One Technologies did not send the emails.

*Id.* ¶¶ 3, 28. She admits that third parties sent them. *Id.* Thus, plaintiff does not allege that One Technologies drafted the emails, controlled the content of the emails, chose the recipients of the emails, or obtained the domain names from which the emails were sent. Rather, she premises her complaint solely on the "actions of [One Technologies'] networks and affiliates." *Id.* ¶ 3. Further, plaintiff does not allege that she attempted to or did purchase anything from One Technologies, or that she visited One Technologies' website.

Accordingly, plaintiff does not allege that One Technologies itself engaged in any activity in California, let alone any activity giving rise to the allegations in her complaint. Indeed, One Technologies did not even know about the emails over which plaintiff sues until it received plaintiff's complaint. Zittlau Decl. ¶ 13. As shown below, these are the same facts that warranted dismissal in *Durward*. The same outcome is warranted here.

## III. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal where the court lacks personal jurisdiction over the defendant. Upon defendant's seeking of dismissal, plaintiff bears the burden to establish personal jurisdiction through admissible evidence rather than just "simply rest[ing] on the bare allegations of [her] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

Personal jurisdiction is established either through general, *i.e.* "all purpose," jurisdiction derived from a defendant's establishment of the jurisdiction as its home base, or specific jurisdiction derived from a defendant's purposeful availment of the protections of the forum's laws. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017) (recognizing "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction;" where "the paradigm forum for the exercise of general jurisdiction . . . for a

corporation, . . . is an equivalent place, one in which the corporation is fairly regarded as at home" and for "specific jurisdiction, 'the suit' must "arise out of or relate to the defendant's contacts with the forum," *i.e.*, "an affiliation between the forum and . . . an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."). Plaintiff cannot show either general or specific personal jurisdiction exists here.

## IV. ARGUMENT

### A. No General Jurisdiction Exists Over One Technologies

Plaintiff cannot establish that general jurisdiction exists over One Technologies. In *Durward*, this Court found that One Technologies is "not subject to general jurisdiction in California" because it was not "at home" in California. *Durward v. One Techs., LLC,* 2019 WL 4930229, at *3 (C.D. Cal. Oct. 3, 2019). In so finding, the Court cited the Supreme Court's holding in *Daimler AG v. Bauman*, 134 U.S. 746, 761 (2014) that a non-resident corporate defendant may be subject to general jurisdiction in a state only if its contacts with that state are so "continuous and systematic" that it is "essentially at home in the forum State," and relied on a declaration from One Technologies stating that it is a Texas limited liability company with its principal place of business located in Texas, and that all of its members are Texas citizens. *Durward*, 2019 WL 4930229, at *3.

*Daimler* still controls and none of these facts have changed. Zittlau Decl. ¶ 3-8. One Technologies still does not have any operations in California (*id*. ¶¶ 3-8) and has never had any offices, property, assets, telephone listings, or bank accounts in California (*id*. ¶ 6). As this Court found in *Durward*, One Technologies is not "at home" in California and is not subject to general jurisdiction here. *Durward*, 2019 WL 4930229, at *3; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall* 466 U.S. 408, 415 (1984) (finding no general jurisdiction where defendant did not have a place of business in the forum state and had never been licensed to do business in the forum state); *Reynolds v. Binance*

*Holdings Ltd.*, 481 F. Supp. 3d 997, 1003, 1010 (N.D. Cal. 2020) (granting motion to dismiss for lack of personal jurisdiction where general jurisdiction was not found, as the defendant was neither incorporated nor had its principal place of business in California); *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 486 F. Supp. 3d 1353, 1359 (N.D. Cal. 2020) (same).

### B. No Specific Jurisdiction Exists Over One Technologies

When general jurisdiction does not exist, a plaintiff must establish specific jurisdiction to avoid dismissal. Specific jurisdiction is only established if:

> (1) the foreign defendant does some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) plaintiff's claim arises out of or results from the foreign defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction would be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (affirming dismissal for lack of personal jurisdiction); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (same); *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779-80. The plaintiff bears the burden of satisfying the first two elements; if the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Failure to establish any of the three elements above is fatal to plaintiff's complaint. As set forth below, she cannot establish any of the elements much less all of them.

//
//

1-28 pleading paper

### 1. The Emails Sent By Third Parties Do Not Confer Specific Personal Jurisdiction Over One Technologies

As in *Durward*, the emails sent by third parties do not confer specific personal jurisdiction over One Technologies. In *Durward*, the plaintiff alleged that One Technologies violated Section 17529.5 by "engag[ing] numerous third-party affiliates . . . to advertise for OneTech," and that the affiliates "sent at least 90 allegedly unlawful Unsolicited Commercial Emails ("spams") to Plaintiff." *Id.* at *1. The plaintiff claimed that the alleged commercial emails were the center of One Technologies' consistent, ongoing, and sophisticated sales effort that always included California. *Id.* at *4.

This Court analyzed whether the alleged emails conferred specific personal jurisdiction over One Technologies. *Id.* In its analysis, this Court relied on *Zoobuh, Inc. v. Williams*, 2014 WL 7261786, at *6 (D. Utah Dec. 18, 2014), where the court found no specific personal jurisdiction because third parties (rather than the defendant) sent the emails. The *Zoobuh* court's analysis turned on its finding that the defendant had no involvement with or control over the origination, approval, or delivery of the emails, as it "does not draft the content of the emails sent by the publishers; review or approve them; know where (*i.e.*, the location or the recipient) the publishers send the emails; or decide the customers to whom the publishers should publish the emails." *Id.* at *5. This Court made the same findings in *Durward* that the court made in *Zoobuh*, found personal jurisdiction lacking, and granted One Technologies' motion to dismiss. *Durward*, 2019 WL 4930229, at *5.

The facts warranting dismissal in *Durward* are the same here. Like the plaintiff in *Durward*, plaintiff alleges that One Technologies "engage[d] numerous third-party advertising networks and affiliates (also known as 'publishers') to advertise for OneTech." Compl. ¶ 3. But such third-party publishers control all aspects of transmitting the emails and make fundamental decisions concerning the

7

DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

emails themselves, including choosing each email's recipient. Zittlau Decl. ¶¶ 10-12. Thus, One Technologies has no knowledge and involvement with or control over the origination, approval, or where such emails are sent or to whom. *Id*. Moreover, One Technologies has no current or former customer named Cherie Diaz. *Id*. ¶ 13. As with the plaintiff in *Durward*, One Technologies did not know about plaintiff, or that she allegedly received emails advertising One Technologies, until after receiving plaintiff's complaint. *Id*.

Additionally, as in *Durward*, One Technologies' publishers are not agents of One Technologies—they remain independent contractors that send (or arrange for the sending of) emails and other kinds of advertisements promoting many companies, not just One Technologies. *See* Zittlau Decl. ¶ 10, Ex. A (form agreement with publishers stating, "Each of the parties is an independent contractor under this Agreement" and "neither party has the power to obligate or bind the other party in any manner whatsoever").

Therefore, as in *Durward*, the alleged actions of One Technologies' third-party publishers are not sufficient to establish specific personal jurisdiction through an agency relationship or otherwise under *Durward* or many other authorities. *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 850 (10th Cir. 2020) (affirming district court's dismissal for lack of personal jurisdiction because defendant did not target the forum state with alleged unsolicited email marketing; defendant "ha[d] no involvement with or control over the origination, approval, or delivery of the emails" at issue; and defendant "d[id] not review the emails before they [were] sent, nor d[id] it know the locations of the recipients nor decide who should receive the emails"); *Phillips v. Worldwide Internet Sols*., 2006 WL 1709189, at *6 n.6 (N.D. Cal. June 20, 2006) (finding affiliate marketer sending emails promoting a defendant's website "is not sufficient to show—or even suggest—that [the affiliate marketer] was acting on behalf of [the defendant]"); *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1378 (9th Cir. 1981) (holding that a foreign defendant is

usually not subject to local jurisdiction because of "contacts" by an independent contractor, *e.g.*, a local distributor who handles many products, including those of foreign corporation).

Dismissing this lawsuit for lack of personal jurisdiction would align with another federal court's dismissal of One Technologies for lack of personal jurisdiction. *Powers*, 2021 WL 3519282, at *1 (W.D.N.C. Aug. 10, 2021). In *Powers*, the plaintiff alleged One Technologies violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 by sending unsolicited text messages marketing its credit score monitoring services. *Powers*, 2021 WL 3519282, at *1. The court found that One Technologies did not send or authorize the alleged text messages to be sent; that at most one of its independent contractors might have had some involvement with the texts; that no agency relationship existed with that contractor; and that there was no evidence that North Carolina or its citizens were specifically targeted. *Id*. at **4-5. Relying on *Durward*, the Court then dismissed the complaint for lack of personal jurisdiction. *Id.*

Finally, as this Court observed in *Durward*, a finding that personal jurisdiction is lacking over One Technologies here would also align with analogous decisions finding that advertising in nationally-distributed publications does not create sufficient contacts with a forum state to establish purposeful availment, despite the likelihood that those advertisements would reach consumers in the forum state. *Durward*, 2019 WL 4930229, at *6 (citing cases).

At base, there are no material differences between the facts in *Durward* and *Powers*, and those here. Specific personal jurisdiction over One Technologies is lacking just as it was in those cases, thereby warranting dismissal of this case.

        2.    <u>Plaintiff Cannot Establish Specific Jurisdiction By One Technologies' Alleged Operation Of Its Website</u>

Plaintiff's allegation that One Technologies has a website that allegedly targets California residents is not sufficient to establish specific personal

jurisdiction over One Technologies. Compl. ¶ 10. As in *Durward*, One Technologies' website has nothing to do with plaintiff's claims, as plaintiff does not allege that she visited the website or purchased anything from the website. Instead, her claims arise from her alleged receipt of emails. As in *Durward*, One Technologies' website does not and cannot establish specific personal jurisdiction over One Technologies. *Durward*, 2019 WL 4930229, at *6 (in contrast to facts at issue, "[t]he cases in which a website targeting a state's residents suffices to confer personal jurisdiction involve 'tortious conduct on a nationally accessible website.'") (citing *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011))).

For the same reason, this case is easily distinguishable from those finding personal jurisdiction established through a company's online website, as those cases rely on a direct tie between the website and the complained-of conduct—a tie that does not exist here. *Thurston v. Fairfield Collectibles of Georgia, LLC*, 53 Cal. App. 5th 1231, 1240-42 (2020) (finding personal jurisdiction where plaintiff alleged defendant's website violated the Unruh Act because the website was not accessible to blind and visually impaired users in California); *Snowney v. Harrah's Entm't, Inc.*, 35 Cal. 4th 1054, 1064-65 (2005) (finding personal jurisdiction against a group of hotels for their alleged failure to provide notice of an energy surcharge during the reservation process on an interactive website and in their advertising because the website and advertising specifically targeted California residents including by touting the proximity of the hotels to California and providing driving directions from California, and the hotels conceded that many of their patrons came from California and made reservations using their website).

//
//
//

### 3. Plaintiff's Contacts Or Alleged Harm In California Cannot Establish Specific Jurisdiction Over One Technologies

The fact that plaintiff allegedly received the emails at issue in California is not enough to establish personal jurisdiction over One Technologies. Compl. ¶¶ 9, 11. This Court addressed this issue in *Durward* as well, where it held that a plaintiff may not rely on her own contacts with California, or the fact that she allegedly suffered harm in California, to establish jurisdiction over a non-resident defendant. *Durward*, 2019 WL 4930229, at *6. This Court observed that United States Supreme Court precedent does not "allow a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Id.*, citing *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014). Thus, the mere fact that a plaintiff suffered alleged harm in the forum state is insufficient to justify exercising personal jurisdiction over a non-resident defendant. *Walden*, 134 S. Ct. at 1125. Rather, the plaintiff must establish the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122. Plaintiff's receipt of emails in California remains as irrelevant here as it was in *Durward*.

### 4. The Supreme Court's Decision In *Ford Motor Company v. Montana Eighth Judicial District Court* Confirms No Specific Jurisdiction Exists Over One Technologies

The Supreme Court's recent ruling in *Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021) does not change the conclusion that dismissal for lack of personal jurisdiction is warranted here.

At issue in *Ford Motor Company* was whether the courts of Montana and Minnesota could exercise personal jurisdiction over Ford in suits arising from in-state accidents involving Ford vehicles that were designed, manufactured, and purchased out of state. *Id.* at 1022. Analyzing only the second "relatedness" prong of specific personal jurisdiction, the Supreme Court held a "strong relationship among the defendant, the forum, and the litigation" could support

personal jurisdiction. *Id.* at 1028. The Supreme Court then found that the strong relationship existed because "Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege[d] malfunctioned and injured them in those States." *Id.*

But *Ford* does not save plaintiff's complaint from dismissal. Foremost, the defendant in *Ford* conceded the purposeful availment requirement needed to establish specific jurisdiction. *Id.* at 1019 ("Ford admits that it has 'purposefully avail[ed] itself of the privilege of conducting activities' in both States."). Thus, the Supreme Court did not address it. Here, One Technologies showed above that no purposeful availment exists just as it showed in *Durward* and *Powers*. And, without purposeful availment, no specific personal jurisdiction exists. *Pebble Beach Co.*, 453 F.3d at 1155 (specific personal jurisdiction requires (1) some act by which a foreign defendant purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) plaintiff's claim arises out of or results from the foreign defendant's forum-related activities; <u>and</u> (3) the exercise of jurisdiction would be reasonable).

Additionally, plaintiff cannot establish sufficient suit-related contacts to establish jurisdiction even under *Ford*. There, the defendant advertised, sold, maintained and serviced the automobile models in the forum states; the accidents occurred in the forum states; and the plaintiffs were residents of the forum states; all of which "foster[ed] an ongoing relationship between Ford and its customers in the forum." *Id.* at 1023. By contrast, One Technologies did nothing to foster any relationship with the plaintiff much less an ongoing one, as One Technologies did not send the emails plaintiff received in California, plaintiff is not a customer of One Technologies, plaintiff did not visit One Technologies' website, plaintiff did not purchase any of the promoted services, and One Technologies did not even know who plaintiff was until after she filed this lawsuit. Zittlau Decl. ¶¶ 10-13.

Accordingly, *Ford* does nothing to change the conclusion that this Court lacks specific personal jurisdiction over One Technologies.

### 5. Exercising Jurisdiction Over One Technologies Would Offend Traditional Notions Of Fair Play And Substantial Justice With Respect To One Technologies And Its Witnesses

Exercising personal jurisdiction over One Technologies would be unfair and unjust. *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987) (holding that in making the "reasonableness" determination, courts consider "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief").

Here, the burden imposed on One Technologies by having to litigate in California would be significant. All of One Technologies' documents and witnesses that might be relevant to this action are located in Texas, its principal place of business. Zittlau Decl. ¶ 9. Further, California's interest in pursuing a Texas limited liability company based in Texas for emails that the company did not direct, control, or even know were sent to a California citizen (*id.* ¶¶ 10-12) is minimal. Finally, plaintiff's interest in obtaining relief (to the extent she can prove she is entitled to such relief) is unaffected by a dismissal because One Technologies does not contend that it cannot be sued anywhere—just not in California under the undisputed facts of this case. Accordingly, exercising jurisdiction over One Technologies here would not comport with "traditional notions of fair play and substantial justice." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 415, 418 (9th Cir. 1997) (holding that "no court has ever held that an . . . advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state").

## V. CONCLUSION

Plaintiff cannot establish general jurisdiction because One Technologies is a Texas limited liability company based in Texas that is not otherwise "at home" in

California. Plaintiff cannot establish specific jurisdiction because One Technologies did not send the emails at issue, much less intentionally send them into California or to plaintiff, and plaintiff's claims arise from the conduct of third parties, not One Technologies' conduct. Exercising jurisdiction would be unfair and unjust under the balancing of the equities. Therefore, the Court should grant One Technologies' motion and dismiss under Rule 12(b)(2).

Dated: December 3, 2021
        VENABLE LLP

        By: */s/ Ari N. Rothman*
            Ari N. Rothman
            Witt W. Chang
            Nicole N. King
        Attorneys for Defendant
        One Technologies, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, California.

On **December 3, 2021**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT ONE TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** on the interested parties in this action addressed as follows:

Thomas Valfrid Anderson, Esq.　　　*Attorney for Plaintiff,*
William G. Silverstein, Esq.　　　　*Cherie Diaz*
J. Daniel Jung, Esq.
ANDERSON & JUNG
21600 Oxnard Street, Suite 1030
Woodland Hills, CA 91367
(213) 927-6922

☑   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑   **BY MAIL (FRCP 5(b)(2)(C))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2300, Los Angeles, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **December 3, 2021**, at Los Angeles, California.

　　　　　　　　　　　*/s/ Anna Park*
　　　　　　　　　　　――――――――――――
　　　　　　　　　　　Anna Park