UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8571-GW-AGRx | Date | January 18, 2022 |
|---|---|---|---|
| Title | *Cherie Diaz v. One Technologies, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) [14]

Attached hereto is the Court's Tentative Ruling on Defendant's Motion to Dismiss [14], presently set for January 20, 2022 at 8:30 a.m. Counsel are to appear telephonically by contacting the court clerk at javier_gonzalez@cacd.uscourts.gov for dial-in instructions.

:

Initials of Preparer   JG

<u>*Cherie Diaz v. One Technologies LLC*</u>; Case No. 2:21-cv-08571-GW-(RAOx)
Tentative Ruling on Motion to Dismiss for Lack of Personal Jurisdiction

I.   **Background**

Plaintiff Cherie Diaz sued Defendant One Technologies for violations of California Business and Professions Code §§ 17529.5(a)(2) and 17529.5(a)(3) arising from 54 unsolicited emails. *See generally* Complaint ("Compl."), Docket No. 1-1. Plaintiff seeks statutory damages of $1,000 per email, and "attorneys' fees as part of costs." *Id.* at 6.

Plaintiff alleges that she is a citizen of California and that Defendant is a Delaware limited liability company headquartered in Texas. *Id.* ¶¶ 7-8. Plaintiff receives her email on a computer located within Los Angeles County, and Defendant designed its website "specifically to solicit California residents by including California specific programming and California specific language." *Id.* ¶ 10. Plaintiff further alleges that Defendant "has thousands of members located in California" and that it receives "millions of dollars per year from California residents." *Id.* ¶¶ 11-12. Plaintiff also asserts that Defendant has filed at least one lawsuit in California courts. ¶ 13.

According to Plaintiff, Defendant "engages numerous third party advertising networks and affiliates" to send "unsolicited commercial email advertisements" that Plaintiff did not consent to receive and that "advertise services sold at the various websites owned by the Defendants." *Id.* ¶¶ 3, 25. As Plaintiff alleges, "[m]ost, if not all, of the emails use hypertext mark up language ('HTML') in the body which contain remote hosted images, which are not part of the email body but rather a link to a web server that could be anywhere on the Internet and controlled by any unknown third party." *Id.* ¶ 26. Remotely hosted images "allow the sender to disable or change the images at any time, even after the email has been transmitted." Defendant's "agents used remote hosted images to essentially self-destruct the emails after a short period of time, so as to prevent people from making complaints about Defendant[] and [its] agents." *Id.* ¶ 28. Plaintiff raises two causes of action: (1) violation of Cal. Bus. and Prof. Code § 17529.5(a)(2) based on the emails' deceptive headers, and (2) violation of Cal. Bus. and Prof. Code § 17529.5(a)(3) based on allegedly false representations in the emails' subject lines. *See id.* ¶¶ 29-42.

Plaintiff filed suit in Los Angeles Superior Court on October 1, 2021. *See generally id.*

1

On October 29, 2021, Defendant removed the case to federal court, invoking the court's diversity jurisdiction. *See generally* Defendant One Technologies, LLC's Notice of Removal, Docket No. 1. Defendant now moves to dismiss the case for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Motion to Dismiss Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) ("Motion"), Docket No. 14. Plaintiff opposes the motion, *see* Plaintiff's Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) ("Opp."), Docket No. 29, and Defendant replied, *see* Defendant's Reply, Docket No. 31.[1]

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for "lack of jurisdiction over the person." When a defendant moves to dismiss for lack of personal jurisdiction, the burden shifts to the plaintiff to establish the court's personal jurisdiction over the defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The plaintiff may meet this burden by making a "prima facie showing of jurisdictional facts." *Id.* (quotation omitted). "Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted). "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (quotation omitted). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Under California law, "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. A court may exercise personal jurisdiction over a nonresident defendant

---

[1] In support of its Opposition brief, Plaintiff submitted the declaration of software developer William Silverstein. *See* Decl. of William Silverstein, Docket No. 29-1. Defendant makes numerous objections to the Silverstein Declaration in its Reply. *See* Reply, Defendant's Objections to Decl. of William Silverstein, Docket No. 31-1. Given the Court's determinations here, the Court would find that these objections are moot. Parties may re-raise or address further objections, if necessary, at the hearing.

consistently with due process only so long as there exist "minimum contacts" between the defendant and the forum, such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8-9 (1984). A defendant is present "generally" in the forum when its activities in the state are "substantial" or "continuous and systematic." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quotation omitted). Where general jurisdiction does not exist, the Ninth Circuit has established a three-factor test to evaluate whether the court may exercise specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). The plaintiff bears the burden of satisfying the first two prongs of the test; if the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

This inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). This relationship "must arise out of contacts that the defendant *himself* creates with the forum State," and it must center on the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (internal quotations omitted). As a result, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (quoting *Walden*, 571 U.S. at 286). The Supreme Court recently clarified the rationale of the specific-jurisdiction framework, stating that unlike general jurisdiction, specific jurisdiction:

3

> covers defendants less intimately connected with a State, but only as to a narrower class of claims. The contacts needed for this kind of jurisdiction often go by the name "purposeful availment." [*Burger King*, 471 U.S. at 475]. The defendant, we have said, must take "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." [*Hanson v. Denckla*, 357 U.S. 235, 253 (1958)]. The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." [*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)]. They must show that the defendant deliberately "reached out beyond" its home – by, for example, "exploiting a market" in the forum State or entering a contractual relationship centered there. [*Walden*, 571 U.S. at 285]. Yet even then – because the defendant is not "at home" – the forum State may exercise jurisdiction in only certain cases. The plaintiff's claims, we have often stated, "must arise out of or relate to the defendant's contacts" with the forum. [*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *see, e.g.*, *Burger King*, 471 U.S. at 472; *Helicopteros Nacionales*, 466 U.S. at 414; *International Shoe*, 326 U.S. at 319]. Or put just a bit differently, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." [*Bristol-Myers*, 137 S.Ct., at 1780].

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021) (cleaned up). The principles driving the specific-jurisdiction analysis are ensuring that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice," *Int'l Shoe*, 326 U.S. at 316, and "protecting 'interstate federalism.'" *Ford Motor*, 141 S. Ct. at 1025 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U. S. 286, 293 (1980)). In other words, the doctrine of specific jurisdiction limits the encroachment of one State upon another State's authority, as "[o]ne State's 'sovereign power to try' a suit, we have recognized, may prevent 'sister States' from exercising their like authority." *Id.*

### III. Discussion

A corporation may be subject to general jurisdiction in a state only if its contacts with that state are so "continuous and systematic" that it is "essentially at home in the forum State." *Daimler AG v. Bauman*, 134 U.S. 746, 761 (2014). Plaintiff alleges that Defendant is a Delaware limited liability company with its headquarters in Texas. Compl. ¶ 8. Defendant states that it is a Texas limited liability company with its principal place of business in Texas and that

4

all of its members are Texas citizens.  Motion, Decl. of Astra Zittlau ("Zittlau Decl.") at ¶ 3. Either way, the Court would conclude that Defendants are not subject to general jurisdiction in California.  *Cf. Durward v. One Techs. LLC*, CV 2:19-cv-6371-GW-(AGRx), 2019 WL 4930229, at *3 (C.D. Cal. Oct. 3, 2019) (reaching the same conclusion as to this same defendant).

As for specific jurisdiction, the Court applies the three-prong test articulated by the Ninth Circuit in *Schwarzenegger*, 374 F.3d at 802, as delineated, *supra*.  The Court would conclude that Plaintiff's allegations fall short of establishing specific jurisdiction over Defendant.  For one, Plaintiff alleges "that OneTech admits to having no control over the email[s] sent" because "Defendant admitted under oath that it has no control over the emails." Compl. ¶ 5.  Thus, Plaintiff appears to concede that Defendant does not "purposefully direct" its activities toward California or "purposefully avail" itself of the forum.  *Schwarzenegger*, 374 F.3d at 802. Plaintiff alleges that Defendant operates the website "freescore360.com," which is a "membership based web site" "programmed specifically to solicit from California Residents." Opp. at 2.  But, as Defendants contend, "[P]laintiff does not allege that One Technologies drafted the emails, controlled the content of the emails, chose the recipients of the emails, or obtained the domain names from which the emails were sent." Motion at 4.  As another district court noted, "[c]ases across various district and circuit courts weigh heavily against finding purposeful availment when a defendant is not involved with the delivery or approval of communications received within a forum." *Powers v. One Techs.*, LLC, No. 321-CV-00089-FDW-DCK, 2021 WL 3519282, at *3 (W.D.N.C. Aug. 10, 2021) (collecting cases, including *Durward*, 2019 WL 4930229).

For another, Plaintiff's allegations do not differ substantially from those in *Durward*, in which the Court found specific jurisdiction lacking over this same Defendant.  *See* Compl. ¶¶ 3, 5, 25; *Durward*, 2019 WL 4930229 at *3-*6.  Defendant again provides a declaration from its Compliance Manager explaining its email marketing process.  *See* Zittlau Decl. at ¶¶ 10-12.  The Compliance Manager states that publishers, not Defendant, "control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient" and that "publishers arrange for the emails to be sent by others." *Id.* ¶ 11.  Defendant "does not know, and has no control over, where the emails are sent or to whom, other than by prohibiting publishers from sending email advertisements to email

5

addresses associated with recipients who have requested to 'opt-out' of receiving emails advertising One Technologies." *Id.* ¶ 12.

Further, Defendant "would not be able to identify the location of any given email recipient because, unlike phone number area codes, email addresses are not connected to any particular geographic location," leaving Defendant unable to "differentiate California recipients from recipients in any other state." *Id.* In general, "nationwide marketing programs will not satisfy minimum contacts with a forum since there is no specific targeting of the forum state or its citizens." *Powers*, 2021 WL 3519282, at *3; *see also Zoobuh, Inc. v. Williams*, No. 2:13-CV-791 TS, 2014 WL 7261786, at *5 (D. Utah Dec. 18, 2014) (concluding no specific jurisdiction existed in part because defendant had no knowledge of where the third-party senders of the emails were sending the emails at issue)[2]; *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 846 (10th Cir. 2020) (same). Plaintiff's argument that 12 percent of Defendant's total revenue was obtained from California citizens further underscores the proportional, nationwide nature of Defendant's business, as roughly 12 percent of the United States population resides in California.

Plaintiff's additional arguments are unavailing. The fact that Defendant has had lawsuits filed against it in California or that it has responded to those lawsuits confers neither general nor specific jurisdiction over Defendant for this case – nor does Plaintiff provide any case law supporting this assertion. Plaintiff's contention that Defendant's website's interactive nature confers specific jurisdiction, relying on *Snowney v. Harrah's Entertainment, Inc.*, 35 Cal.4th 1054, 1058 (Cal. 2005), is also flawed, given that Plaintiff fails to allege a nexus between the operation of Defendant's website and the claims in this case – namely, the receipt of spam emails. No matter how "interactive" Defendant's website is, its operation cannot confer specific jurisdiction unless the claims "arise[] out of or relate[] to" its operation within the forum state. *Schwarzenegger*, 374 F.3d at 802. This is *especially* true when Plaintiff does not allege at any point that she visited Defendant's website or interacted with it at all; indeed, her claims concern solely the receipt of third-party emails. For this same reason, the Supreme Court's decision in *Ford Motor* – released since this Court's decision in *Durward* – does not change the outcome

---

[2] Plaintiff's attempt to distinguish *Zoobuh* fails. Plaintiff argues that jurisdiction was lacking because one of the defendants in that case "did not have any right of CONTROL of sending of the email, content or how the email list would be used." Opp. at 6. But that is exactly what Defendant establishes here, as discussed in the preceding paragraph. Plaintiff provides no allegations or evidence that Defendant has knowledge of where the third-party emails are directed.

here. Defendant's activities in California – operating a website accessible to Californians – do not give rise to Plaintiff's claims, which are based solely on the receipt of emails and the allegedly deceptive content thereof. Thus, the "strong relationship among the defendant, the forum, and the litigation," which is "the essential foundation of specific jurisdiction," has not been established by Plaintiff because the litigation here is – by the *nature* of Plaintiff's claims[3] – separated from the other two necessary ingredients. *Ford Motor*, 141 S. Ct. at 1028 (quotations omitted). Moreover, Plaintiff's allegations do not establish that Defendant "purposefully availed" itself of the privilege of operating in California, as Ford Motor had conceded it had in the forum states in that case. *Id.*

Thus, the Court would conclude that it lacks specific jurisdiction over Defendant for purposes of these claims and this case.

### IV. Conclusion

Based on the foregoing discussion, the Court would GRANT Defendant's motion to dismiss for lack of personal jurisdiction.

---

[3] For this reason, the Court would deny Plaintiff's request for jurisdictional discovery. Because Plaintiff's two claims are based *solely* on the receipt of emails and the allegedly deceptive content thereof, and because Plaintiff's allegations acknowledge that third parties send these emails and have control over their content, Plaintiff has failed to "make a colorable showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (internal quotation omitted). Any jurisdictional discovery would amount merely to a "fishing expedition," *Born v. Celtic Mktg. LLC*, 8:19-CV-01950-JLS-(ADSx), 2020 WL 3883273, at *5 (C.D. Cal. May 20, 2020) – one that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).