UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8571-GW-AGRx | Date | January 21, 2022 |
| Title | *Cherie Diaz v. One Technologies, LLC, et al.* | Page | 1 of 1 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER**

    The Court adopts its Tentative Ruling on Defendant's motion to dismiss (ECF No. 33) as its final decision on said motion. The Court would also respond to a particular argument made by Plaintiff's counsel at the January 20, 2022 hearing on said motion.

    Plaintiff argued that the Court's ruling is contrary to the holding in *Snowney v. Harrah's Entertainment, Inc.*, 35 Cal. 4th 1054, 1058 (Cal. 2005). However, the facts in *Snowney* were distinguished from those that are present in this litigation. Additionally, as has been recognized, recent decisions of the United States Supreme Court have "cast doubt" on the California Supreme Court's "substantial connection" formulation in *Snowney*, 35 Cal. 4th at 1063. *See, e.g., Rivelli v. Hemm*, 67 Cal. App. 5th 380, 400 (2021) ("recent decisions of the United States Supreme Court have cast doubt on the validity of the 'substantial connection' formulation."). The United States Supreme Court squarely torpedoed the California Supreme Court's rulings stating that:

> For this reason, the California Supreme Court's "sliding scale approach" is difficult to square with our precedents. Under the California approach, the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims. Our cases provide no support for this approach, which resembles a loose and spurious form of general jurisdiction. For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (citation omitted).

    Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED, and the case is dismissed.