1  J. Daniel Jung, Esq. (SBN 243436)
   Anderson & Jung
2  21600 Oxnard St., Suite 1030
   Woodland Hills, CA 91367
3  (213) 927-6922

4  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| Cherie Diaz<br><br>   Plaintiff,<br><br>  vs.<br><br>One Technologies LLC, and DOES 1-50 inclusive<br><br>   Defendant. | Case No.: 2:21-CV-08571 GW (RAOx)<br><br>PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS<br><br>Action Filed: October 1, 2021<br>Action Removed: October 29, 2021<br>Trial Date: None Set<br>Honorable George Wu |

- 1 -

OBJECTIONS TO BILL OF COSTS

# PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Pursuant to Civil Local Rule 54-2, Plaintiff Cherie Diaz objects to the Bill of Costs submitted by Defendant One Technologies LLC. Dkt. 38 and Dkt. 38-1. On February 14, 2022, counsel met and conferred pursuant to Civil Local rule 54-2(b) in an effort to resolve disagreements about the costs Defendant claims in its Bill of Costs and were unable to reach a resolution.

**I.  Plaintiff Objects To Defendant's Request for Costs of Transcripts - Tab 4.**

"[T]he cost of a transcript of any court proceeding is not taxable unless, before the cost is incurred, it is approved by the Court or stipulated by counsel in writing to be recoverable."

L.R. 54-3.4.

Here, Defendant requested $182.70 for the costs of transcript of the January 6, 2022 hearing on Plaintiff's Motion to Remand. Dkt 38, Tab 4. L.R. 54-3.4 only permits this cost, if there is a stipulation or order permitting such cost. Plaintiff did not stipulate preceding transcripts to be included as a cost. This Court never issued an order authorizing preceding transcripts to be included as cost.

Therefore, Defendant is not entitled to $182.70 as requested.

**II.  Plaintiff Objects To Defendant's Chambers Copies To Be Included As Costs - Tab 10(a) as They Were No Longer Required Due To Covid-19.**

L.R. 54-3.10 permits the inclusion of "mandatory chambers copies" that are required by the Court.

Here, these "mandatory chambers copies" were no longer mandatory as a result of Covid-19 rules put into place. Since March 2020, due to Covid-19, the Court issued a notice that, "Until further notice, all district judges and magistrate judges do not require mandatory chambers copies during the pandemic. See Exhibit A, page 2. The same was

included in the "Notice from the Clerk" Dated April 15, 2021. See Exhibit B, page 2. Plaintiff is not aware of any further notice requiring mandatory chambers copies since April 15, 2021. Plaintiff is not aware of any order from this Court countermanding this order.

Where chamber copies are not required, Defendant is not entitled to the costs of $298.75 to delivery chamber copies.

### III.  Conclusion.

As discussed above, Defendant is not entitled to $427.32 of their costs. Where this is a new area of law and all parties are aware that this case is will be appealed, Defendant should not be awarded any costs at this time.

Dated:      February 17, 2022

/s/ J. Daniel Jung

J. Daniel Jung

Attorney for Plaintiff

# EXHIBIT A



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

# NOTICE from the CLERK

## COVID-19 NOTICE

The United States District Court for the Central District of California has activated its Continuity of Operations Plan ("COOP"), effective March 23, 2020 through and including May 1, 2020 necessary to ensure the continuous performance of essential functions and operations of the Court in light of the Coronavirus (COVID-19) pandemic.

The Court is taking the following actions to limit social interactions in its courthouses:

**Access to the Courthouses**
- All of the Courthouses of the Central District of California will be closed to the public except for hearings on criminal duty matters, as indicated below.
- All federal Pro Se Clinics in the district are closed.
    The Los Angeles and Santa Ana Clinics are providing remote assistance via telephone and/or email.  Please contact them for more information:
    Los Angeles: (213) 385-2977, Ext. 270 or tinyurl.com/fedproseclinic
    Santa Ana: (714) 541-1010, Ext. 222

**Court Hearings**
- In civil cases, no hearings will go forward except for emergency time-sensitive matters, such as requests for temporary restraining orders and preliminary injunctions, as ordered by the assigned judicial officer.  Any hearings on emergency civil matters will proceed telephonically only.
- In criminal cases, criminal duty matters will go forward in the Edward R. Roybal Federal Building and United States Courthouse in Los Angeles only.  Telephonic hearings on other criminal matters may proceed as directed by the assigned judicial officer.

**Filing Information**
- The intake sections in each courthouse will be closed to the public. To post a bond or submit an emergency, time-sensitive filing such as a temporary restraining order, call the following telephone numbers:
    Los Angeles – (213) 894-8288

**All posted notices are also available on the Court's public website at www.cacd.uscourts.gov.**

G-15 (08/16)                    Notice from the Clerk                    Removal date: May 4, 2020

        Riverside – (951) 328-4450
        Santa Ana – (714) 338-3958 or (714) 338-4760
- All criminal duty matters handled by a district judge shall be filed in the appropriate division.

- All magistrate judge criminal bench duty matters shall be filed in the Edward R. Roybal Federal Building and United States Courthouse in Los Angeles.
- All criminal document duty matters handled by a magistrate judge shall be filed electronically.
- For all other intake and records questions, call the following telephone numbers:
    Los Angeles Civil Intake – (213) 894-3535
    Los Angeles Criminal Intake – (213) 894-8288
    Riverside Civil and Criminal Intake – (951) 328-4450
    Santa Ana Civil Intake – (714) 338-2886
    Santa Ana Criminal Intake – (714) 338-4786
  Archival records requests are suspended because the Federal Records Center is closed.
- The court's CM/ECF system is available 24/7 for electronic filing of documents.
- Unrepresented litigants who cannot electronically file their documents and attorneys who are required to manually file documents pursuant to the local rules must mail their filings to the Clerk of Court at 255 E. Temple Street, Suite TS-134, Los Angeles, CA 90012-3332.
- Non-paper physical exhibits or other exhibits exempted from electronically filing shall be sent via U.S. Mail or other commercial delivery to the Clerk of Court at the above address.

**Mandatory Chambers Copies**
- Until further notice, all district judges and magistrate judges do not require mandatory chambers copies during the pandemic.
- Any judge can require a chambers copy in a particular case if desired. The chambers copy shall be mailed to the judge via Fed Ex. Chambers copy cannot be hand-delivered to the courthouse.

Updates and other adjustments will be provided as more information becomes available.


**Kiry K. Gray**
**District Court Executive/Clerk of Court**
**March 21, 2020**


**All posted notices are also available on the Court's public website at www.cacd.uscourts.gov.**

# EXHIBIT B

EXHIBIT B
OBJECTIONS TO BILL OF COSTS



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# NOTICE *from the* CLERK

## Phased Reopening of the Court

The United States District Court for the Central District of California has adopted the Plan for Phased Resumption of Operations ("Reopening Plan"), which consists of three phases: Phase 1 (return of certain staff to the courthouses to prepare for limited in-court hearings); Phase 2 (reopening courthouses for limited in-court hearings); and Phase 3 (resumption of jury trials).  Per the gating criteria that was adopted by the Court, local COVID-19 exposure risks in the Central District of California are decreasing, such that the transition of all divisions to Phase 3 of the Court's Reopening Plan is appropriate at this time. Therefore, the Court announces the following regarding its operations.

Effective April 19, 2021:

**Access to the Courthouses**
- All Courthouses of the Central District of California remain open to persons with court business and subject to all posted restrictions.

**Court Hearings**
- In-court hearings will be permitted in all matters at the discretion of the assigned judge.
    - Hearings by video or telephonic conference may continue to be held in civil matters at the discretion of the assigned judge.
    - Hearings by video or telephonic conference may continue to be held in certain criminal matters as set forth in Order of the Chief Judge No. 20-043, unless the findings and authorizations in the Order are subsequently terminated.
- For information about how to view or listen to video and telephonic proceedings, please see the [March 19, 2021 Notice from the Clerk](#).

**Jury Trials**
- Jury trials will be permitted in civil and criminal cases.
- Southern Division: Since jury summonses were issued starting on March 22, 2021, jury trials will commence in the Southern Division on May 10, 2021.

**All posted notices are also available on the Court's public website at www.cacd.uscourts.gov.**

G-15 (08/16)                    Notice from the Clerk                    Removal date: October 15, 2021

- Eastern and Western Divisions: Jury summonses will be issued starting on April 19, 2021, and jury trials will commence on June 7, 2021.

**Mandatory Chambers Copies**
- Until further notice, all district judges and magistrate judges do not require mandatory chambers copies during the pandemic.
- Any judge can require chambers copies in a particular case if desired.

**COVID-19 Safety Protocols**
- All individuals seeking entry to, or occupying, the United States Courthouses or Probation and Pretrial Services Offices in the Central District of California must wear masks in all spaces, except under certain circumstances during in-court proceedings as noted below.
    - The mask must completely conceal the individual's nose and mouth at all times.
    - Court employees who are alone in a non-public, private office or workspace, which permits at least six feet of physical distance from others, may temporarily remove their masks.
    - Anyone violating this mask requirement will be denied entry by the United States Marshal, his Deputies, or the Court Security Officers. Individuals who are denied entry will be asked to contact the office or courtroom to be visited to explore alternatives to entering the building.
- All individuals occupying the United States Courthouses or Probation and Pretrial Services Offices in the Central District of California must practice physical distancing in all spaces.
    - To practice physical distancing, individuals must stay at least six feet from other people.
    - Exceptions to this physical distancing requirement may be permitted for individuals who reside in the same household and counsel under certain circumstances during in-court proceedings as noted below.
    - Anyone not practicing physical distancing in accordance with these protocols will be instructed to leave the building by the United States Marshal, his Deputies, or the Court Security Officers. Individuals who are instructed to leave will be asked to contact the office or courtroom to be visited to explore alternatives.
- The following protocols are adopted for all in-court proceedings:
    - Everyone in the courtroom must wear a mask. The removal of masks is authorized only as necessary for testifying witnesses, jurors while being questioned individually, and in-court identifications, if permitted by the judge. An individual who is permitted to remove or lower his or her mask will be required to wear a face shield and/or speak from behind a plexiglass barrier and maintain appropriate physical distancing while the individual is not wearing a mask.
    - In-court proceedings must be conducted in a manner that allows for all participants to practice physical distancing. An exception may be permitted for counsel who choose not to physically distance from each other or their clients.

**All posted notices are also available on the Court's public website at www.cacd.uscourts.gov.**

- In addition to these protocols, see this document for suggested practices for conducting jury trials during the COVID-19 pandemic.

The Court continues to monitor the COVID-19 pandemic as it evolves and will provide updates concerning the Court's operations as adjustments are made.

********************

**Kiry K. Gray**
**District Court Executive/Clerk of Court**
**April 15, 2021**