1  **VENABLE LLP**
   Ari N. Rothman (SBN 296568)
2    anrothman@venable.com
   Witt W. Chang (SBN 281721)
3    wwchang@venable.com
   Nicole N. King (SBN 290204)
4    nnking@venable.com
   2049 Century Park East, Suite 2300
5  Los Angeles, CA 90067
   Telephone:  (310) 229-9900
6  Facsimile:   (310) 229-9901

7  Attorneys for Defendant
   One Technologies, LLC
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12 | Cherie Diaz,                          | CASE NO. 2:21-cv-08571-GW-AGR
13 |              Plaintiff,               | Hon. George H. Wu
   |                                       | Courtroom 9D
14 |       v.                              |
   |                                       | **DEFENDANT ONE
15 | One Technologies LLC, and DOES 1-50   | TECHNOLOGIES, LLC'S REPLY
   | inclusive,                            | TO PLAINTIFF CHERIE DIAZ'S
16 |                                       | OBJECTIONS TO DEFENDANT'S
   |              Defendants.              | APPLICATION TO THE CLERK
17 |                                       | TO TAX COSTS – BILL OF COSTS**

18 |                                       | Action Filed:  October 1, 2021
19 |                                       | Removal:       October 29, 2021
   |                                       | Trial Date:    None set
20

## RESPONSE TO SPECIFIC ITEMS CONTESTED BY PLAINTIFF

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). Ninth Circuit precedent holds that "[a]lthough the rule creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so." *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (citing *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)). The court's discretion, however, "is not unlimited. A district court must 'specify reasons' for its refusal to award costs." *Id.* at 591-92. The losing party bears the burden of establishing why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

Plaintiff objects to One Technologies' request for costs for (A) mandatory chambers copies, and (B) hearing transcripts. This Court should disregard plaintiff's objections to these costs for the reasons set forth below.

### A. One Technologies Is Entitled To Costs For Mandatory Chambers Copies That Were Required By This Court

Plaintiff's objection to pay for "mandatory chambers copies" because they were no longer mandatory due to the Covid-19 pandemic is wrong. *See* Pl.'s Objs. 2-3. Plaintiff relies on two Notices from the Clerk to supposedly show that, as of March 2020, "all district judges and magistrate judges do not require mandatory chambers copies during the pandemic." *See* Pl.'s Objs. Exs. A-B. However, the notices state that they expire on May 4, 2020 and October 15, 2021, respectively while all of the chambers copies One Technologies delivered to the Court were copies of documents filed on and after October 29, 2021.

Additionally, both Notices from the Clerk state that any judge can require chambers copies in a particular case if desired. *See* Pl.'s Objs. Exs. A-B. And, this

1

1  Court's rules provide that "One conformed mandatory chambers copy of all documents filed in the action (electronically or with the Clerk's Office) shall be delivered to the judge's mail box outside the Clerk's Office of the 1st Street Courthouse no later than noon of the following business day." *See http://www.cacd.uscourts.gov/honorable-george-h-wu* (last visited Feb. 21, 2022). As mandatory chambers copies were required by this Court, One Technologies is entitled to recover its requested costs.

### B.  This Court Is Authorized To Award One Technologies Costs Of The Transcript Of The Hearing On Plaintiff's Remand Motion

Plaintiff objects to One Technologies' request for costs of the January 6, 2022, hearing transcript on plaintiff's motion to remand on the ground that there is no stipulation or court order permitting such costs. Pl.'s Objs. 2. However, plaintiff's counsel did not raise this issue when the parties met and conferred on February 14, 2022, pursuant to Civil Local rule 54-2(b). During the meet and confer, plaintiff's counsel instead conceded that the transcripts were necessary to prepare for the subsequent hearing on One Technologies' motion to dismiss for lack of personal jurisdiction, set on January 20, 2022. On that basis, plaintiff's counsel stated that plaintiff would not contest this cost item. Therefore, this Court should exercise its discretion and award One Technologies costs for the January 6, 2022 hearing transcript on plaintiff's motion to remand.

Dated:  February 22, 2022

VENABLE LLP

By:  */s/ Nicole N. King*
Ari N. Rothman
Witt W. Chang
Nicole N. King
Attorneys for Defendant
One Technologies, LLC